poses and buildings containing less than 5 flats; an apartment building heated by steam containing 27 flats is a building from which the owner thereof is required to remove the ashes at his own expense.

2. MUNICIPAL CORPORATIONS—*what is duty of city as to removal of ashes from place of property owner.* A city, in the absence of legislation assuming the responsibility, cannot be compelled to remove ashes from the place of a property owner, since the duty to make such removal rests primarily upon the owner or occupant.

3. MUNICIPAL CORPORATIONS, § 83*—*how ordinance should be construed.* An ordinance should be construed so as to give all parts thereof effect, if possible.

4. MANDAMUS, § 6*—*when will not lie to compel the removal of ashes from premises of property owner.* Mandamus will not lie to compel the removal of ashes from the apartment premises of a property owner by a city where there is no ordinance assuming the liability, since such owner is not entitled of right to such service, and it is immaterial that an ordinance is discriminating and invalid in providing for the removal of ashes from a certain class of residences free of charge.

---

## C. B. Aldrich and C. A. Chancellor, trading as Aldrich & Chancellor, Defendants in Error, v. O. R. Jeffers, Plaintiff in Error.

### Gen. No. 22,689.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed December 17, 1917.

### Statement of the Case.

Action by C. B. Aldrich and C. A. Chancellor, trading as Aldrich & Chancellor, plaintiffs, against O. R. Jeffers, defendant. From a judgment for plaintiffs for $735.37, defendant brings error.

BECKMAN, COTTRELL & PHILLIPS, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. J. MOSER, for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1306*—*when presumed that affidavit of defense was properly stricken from files.* In the absence of a bill of exceptions, a motion to strike an affidavit of defense from the files and the decision of the court thereon do not become a part of the record, and it will be presumed that the action of the court was correct in striking the affidavit from the files.

2. APPEAL AND ERROR, § 1744*—*when judgment affirmed.* Where the only question for review is the propriety of striking an affidavit of defense from the files and such question is not preserved by the bill of exceptions, the judgment of the lower court will be affirmed.

---

## Donald Ross, Plaintiff in Error, v. Fred Becklenberg and Charles Schleyer, Defendants in Error.

### Gen. No. 23,099.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed December 17, 1917.

## Statement of the Case.

Action by Donald Ross, a city building inspector, plaintiff, against Fred Becklenberg, the owner of a building under process of construction, and Charles Schleyer, the contractor, defendants, to recover for personal injuries received by plaintiff in falling through an unfloored entrance to the building into the basement while on a tour of inspection. From a judg-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.